On the trial before Daniel, Judge, the plaintiff having proved his case, the defendant's counsel offered to show that before the publication of the slander a general opinion and belief prevailed in the neighborhood that the plaintiff ( 10 ) had caused his negro slave to commit the offense attributed to him. This evidence was opposed; but the presiding judge received it as proper for the consideration of the jury, not to establish the justification, but to mitigate the damages.
The defendant then offered to give in evidence a record of the conviction of the negro slave for breaking the house and stealing the gun, but the judge rejected it. The defendant then proved that his house was broken in the month of July, while his family was absent, and that in June preceding the plaintiff was seen near his house, and the witness was about to state circumstances tending to show an illicit intercourse between the plaintiff and the wife of the defendant, when the judge stopped the evidence, as irrelevant and improper.
Witnesses having stated a general opinion that the plaintiff had caused the gun to be taken in order to prevent the defendant from killing him, the defendant's counsel proposed to ask if it was not a part of the general rumor that the illicit connection above mentioned existed, and was the motive for taking the gun. The judge refused to permit the question to be asked; and a verdict being found for the plaintiff, and a new trial, on the ground of error in the judge, being refused, and the judgment rendered for the plaintiff, the defendant appealed.
I think the judge was right in permitting the defendant to prove the reports, in the neighborhood, of defendant's guilt, in mitigation of damages, but not in support of the plea of justification. (See the cases collected in Norris's Peake on this subject, 478.) The law considers the defendant less guilty, but not justified, when reports are publicly circulated imputing the charge complained of to the plaintiff. I also think the judge was right in rejecting the record of the slave's conviction, as being irrelevant, unless it (11) was proved that the slave committed the offense by the master's direction, or with his connivance. That conviction proved nothing of itself; it might, probably, have given rise to the reports before noticed, of which the court suffered the *Page 8 
defendant to have the benefit, in mitigation of damages, but it was not authority for such reports, and of course could not be a justification.
The same remark may be made to the third objection to the judge's charge. The illicit commerce between the plaintiff and the wife of the defendant might have been the origin of the reports in circulation, of which the defendant had been allowed the benefit, in mitigation of damages; but it could not be a justification of them, nor of the charge made in this suit against the defendant.